IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **CRIMINAL NO. 07-0349-WS** |
| ) | |
| **RAMON GARZA,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This matter comes before the Court on defendant Ramon Garza's Motion in Limine (doc. 62) to exclude Rule 404(b) evidence proffered by the Government. The Motion has been briefed and is ripe for disposition.

**I.      Background.**

A Superseding Indictment (doc. 10) filed in open court on April 25, 2008 charges defendant Ramon Garza and three co-defendants with an array of controlled substance and money laundering offenses. Two controlled substances counts are particularly relevant for purposes of the instant Motion in Limine. In particular, Count One charges Garza, the three co-defendants, and others (including Alvin Terrell Knox and Benjamin Knox) with conspiring to possess with intent to distribute approximately 315 kilograms of cocaine, in violation of 21 U.S.C. § 846. The conspiracy is alleged to have taken place from January 2001 through December 2006. Additionally, Count Twenty-Three charges Garza alone with knowingly possessing with intent to distribute approximately 280 pounds of marijuana in June 2004, in violation of 21 U.S.C. § 841(a)(1). Garza is also charged in several of the money laundering counts, including Count Two, in which he, the three co-defendants, the Knoxes, and others are alleged to have conspired to conduct financial transactions involving the proceeds of dealings in controlled substances, knowing that such transactions were designed to conceal and disguise those illicit proceeds of their drug trafficking activities, all in violation of 18 U.S.C. § 1956(h).

On September 5, 2008, the Government filed a pleading styled "Notice of Intention to Offer Evidence Admissible Pursuant to Rule 404(b)" (doc. 58) with respect to defendant Garza.

In particular, the Government indicated its intention to offer two categories of Rule 404(b) evidence concerning Garza.  The first category was evidence implicating him in a scheme to deliver truckloads of marijuana to various locations including Texas and North Carolina, which culminated in the seizure of two loads of marijuana (each exceeding 4,000 pounds) by law enforcement officers in October and November 2007.  The Government indicates that one or more cooperating participants in that marijuana scheme have implicated Garza and will testify at the trial of this action to his involvement in same.  The second category of 404(b) evidence that the Government seeks to introduce against Garza relates to his prior convictions in federal courts in Texas for controlled substances offenses, to-wit: (1) a 1998 conviction for using a communication facility to facilitate commission of a drug trafficking crime, in violation of 21 U.S.C. § 843(b); (2) a 1984 conviction for possession with intent to distribute marijuana; and (3) a 1991 conviction for possession with intent to distribute marijuana.[1]

      Garza now seeks to exclude all of this "other acts" evidence from being introduced by the Government at trial.

---

[1] In its Response to Defendant's Motion in Limine (doc. 66), the Government also touches on certain categories of evidence not addressed in its Rule 404(b) Notice.  Specifically, the Government describes an incident in which Garza, after being released from prison, unearthed damaged drug money that he had previously buried underground.  According to the Government, Garza attempted to exchange some of this exhumed currency at a bank for fresh currency; moreover, some of this currency was ultimately found at the home of alleged co-conspirator Alvin Knox.  The Government's Response also references a New York arrest of Garza during the timeframe of the alleged conspiracy when alleged co-conspirator Benjamin Knox was loading cocaine in a hidden compartment in a vehicle.  The Government argues that neither the excavated-currency evidence nor the New York arrest evidence are extrinsic and that they are therefore admissible pursuant to the Eleventh Circuit's "inextricably intertwined" line of authorities.  *See, e.g., United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (explaining that "other acts" evidence is not extrinsic and is outside the scope of Rule 404(b) when the uncharged offense arose from the same transactions as the charged offense, is necessary to complete the story of the crime, or is inextricably intertwined with evidence regarding the charged offense).  But the Motion in Limine does not seek to exclude this evidence; instead, that Motion is limited on its face to those particular items listed in the Government's Rule 404(b) Notice.  The Court therefore has no occasion at this time to adjudicate the admissibility of the excavated-currency evidence and the New York arrest of Garza, or even to make findings as to whether it lies within the scope of Rule 404(b), because there is no motion before it at this time seeking to exclude same.

**II.    Analysis.**

Whether and under what circumstances "other acts" evidence is admissible at trial pursuant to Rule 404(b), Fed.R.Evid., is a matter of well established Eleventh Circuit law.  Of course, "[u]nder the Federal Rules of Evidence, evidence of other crimes, wrongs, or acts is inadmissible character evidence that may not be used to prove a person's propensity to act." *United States v. Williams*, 527 F.3d 1235, 1247 (11th Cir. 2008).  But such evidence may be admissible, with appropriate limiting instructions, for such purposes as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* (citing Rule 404(b), Fed.R.Evid.).  This list "is not exhaustive and the range of relevancy outside the ban is almost infinite," so long as such evidence does not "tend[] to prove only criminal propensity." *United States v. Ellisor*, 522 F.3d 1255, 1267 (11th Cir. 2008).

In this Circuit, the admissibility of "other acts" evidence under Rule 404(b) is governed by the following three-part test: "(1) the evidence must be relevant to an issue other than defendant's character; (2) the probative value must not be substantially outweighed by its undue prejudice; and (3) the government must offer sufficient proof so that the jury could find that defendant committed the act." *United States v. Lamons*, 532 F.3d 1251, 1265-66 (11th Cir. 2008) (citation omitted); *see also Ellisor*, 522 F.3d at 1267 (same).  Garza does not dispute the Government's ability to satisfy the third element.[2]  Rather, Garza's Motion focuses on the first two elements, contending that the Government's proposed "other acts" evidence has "no probative value," "is not material or essential to the government's case," bears "no link in time or circumstance to the conduct identified in this indictment," and "is likely to serve no purpose other than to inflame and confuse jurors." (Motion in Limine (doc. 62), at 2-3.)  The Court

---

[2]    At least with respect to the prior convictions, any effort by Garza to contest the Government's ability to prove that he actually committed those acts would appear futile. *See Lamons*, 532 F.3d at 1266 (observing that "it is elementary that a conviction is sufficient proof that the defendant committed the prior act" for purposes of the Rule 404(b) three-prong test) (citations omitted); *United States v. Perez*, 443 F.3d 772, 780 (11th Cir. 2006) ("The fact of the prior conviction fully satisfied" the prong requiring proof that the defendant actually committed the "other act").  Nor does the Motion in Limine challenge the Government's ability to make a showing from which a jury could reasonably conclude that Garza is implicated in the 2007 marijuana distribution scheme.

disagrees, and finds that both the relevance and the balancing-test factors favor admission of the proffered "other acts" evidence in this case.

Concerning the relevance element, it is of course true that Garza has entered a plea of not guilty to the charges against him. In so doing, he has made intent "a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." *United States v. Edouard*, 485 F.3d 1324, 1345 (11th Cir. 2007) (quoting *United States v. Zapata*, 139 F.3d 1355, 1358 (11th Cir. 1998)); *see also United States v. Roberts*, 619 F.2d 379, 383 (5th Cir. 1980) ("In every conspiracy case, ... a not guilty plea renders the defendant's intent a material issue .... Evidence of such extrinsic offenses as may be probative of a defendant's state of mind is admissible unless he affirmatively takes the issue of intent out of the case"). "[W]here the state of mind required for the charged and extrinsic offenses is the same, the first prong of the Rule 404(b) test is satisfied." *Edouard*, 485 F.3d at 1345. Indeed, "circuit precedent regards virtually any prior drug offense as probative of the intent to engage in a drug conspiracy." *United States v. Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005). The state of mind required for the extrinsic controlled substances offenses identified in the Government's Rule 404(b) Notice is identical (or at least closely similar) to those for the § 846 conspiracy and § 841 substantive offenses with which Garza is charged in the Superseding Indictment. Defendant has not maintained otherwise. Accordingly, the proffered Rule 404(b) evidence is clearly relevant to show Garza's intent.[3]

---

[3] The Government also argues that evidence of the 2007 marijuana scheme is relevant and admissible to show motive with respect to the money laundering charges in the Superseding Indictment. Certainly, Rule 404(b) evidence may be relevant to establish motive. It is also true that drug traffickers may have a motive to engage in money laundering crimes in an effort to conceal the proceeds of their drug trafficking activities. But the temporal sequence in this case is backwards from what it would need to be to support such an inference. As charged, the money laundering conspiracy is alleged to have occurred between January 2001 and December 2006, with specific charged incidents of money laundering between October 2003 and December 2006. The marijuana seizures that the Government wants to introduce into evidence against Garza occurred in October and November 2007, nearly a year <u>after</u> the charged money laundering conspiracy and associated substantive offenses came to an end. As such, evidence that Garza was involved in a large-scale marijuana distribution scheme in the fall of 2007 does not logically give him a motive to engage in money laundering activities between 2001 and

As for the second element, in weighing the probative value of proffered Rule 404(b) evidence against its undue prejudice, the Eleventh Circuit has considered such factors as "the incremental significance to the Government's case, the overall similarity of the extrinsic and charged offenses, and the temporal distance between the two." *Lamons*, 532 F.3d at 1266; *see also Ellisor*, 522 F.3d at 1268. Evidence of Garza's intent to commit the drug offenses charged has a high incremental significance to the Government's case, given that intent is a contested issue and the 280-pound load of marijuana that is the subject of Count Twenty-Three was never intercepted by law enforcement. *See Zapata*, 139 F.3d at 1358 ("other crimes evidence has a relatively high incremental value and is not easily excludable where the government does not have overwhelming evidence of the defendant's predisposition to commit the crime or of knowledge of such matters"). Moreover, given the marked similarity between the overall purposes of the charged drug offenses (*i.e.*, trafficking in cocaine and marijuana) and those of the "other acts" evidence (*i.e.*, trafficking in marijuana) the Government seeks to introduce against Garza, the proposed Rule 404(b) evidence appears highly probative. *Id.*

Nor can Garza show undue prejudice. To be sure, binding appellate authority has recognized that "temporal remoteness depreciates the probity of the extrinsic offense." *United States v. Beechum*, 582 F.2d 898, 915 (5th Cir. 1978). The 1998, 1991 and 1984 convictions all predate the onset of the alleged drug conspiracy charged in Count One (which is alleged to have run from January 2001 through December 2006) by a substantial margin of as long as 17 years between the date of the prior conviction and the starting point of the § 846 conspiracy charged in this action. However, the Eleventh Circuit has eschewed any bright-line test for remoteness, and has upheld the admission of convictions of similar vintage under the Rule 404(b) and Rule 403 tests. *See United States v. LeCroy*, 441 F.3d 914, 926 (11th Cir. 2006) ("This court has previously upheld the admission of Rule 404(b) evidence that occurred more than 15 years before the charged offense.").[4] Here, the offenses of which Garza was previously convicted are

---

2006, absent the kind of "propensity to offend" leap of logic against which Rule 404(b) was designed to defend.

[4] *See also United States v. Lampley*, 68 F.3d 1296, 1300 (11th Cir. 1995) ("we cannot say that the district court abused its discretion in determining that the mid-1970s

substantially similar to those with which he is charged in the Indictment in this case. The older convictions are for the same type of criminal conduct charged in Count Twenty-Three of the Superseding Indictment. The probativeness of those convictions and their importance to the Government's case in establishing intent and knowledge are considerable and undeniable. While there is a countervailing prejudicial effect to admitting those convictions because of their lack of temporal proximity to the charged offenses, that prejudicial effect can be mitigated via use of appropriate limiting instructions. Indeed, the Eleventh Circuit has recognized that "the scalpel of an appropriate limiting instruction at the time the evidence was admitted can reduce the risk of inherent prejudice" in the Rule 404(b) context. *Ellisor*, 522 F.3d at 1268; *see also United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1225 (11th Cir. 1993) (where probative value and Government need for Rule 404(b) evidence are strong, "any unfair prejudice possibly caused by its introduction was mitigated by the trial judge's limiting instructions ... [b]oth when the evidence was presented and in his final charge to the jury"). Considering all of these factors in the aggregate, the Court finds that the incremental probity of admitting evidence of these prior convictions outweighs its prejudicial effect under a Rule 403 balancing analysis.

      The same holds true for a balancing analysis concerning evidence of the 2007 marijuana scheme. Such evidence is undoubtedly relevant and highly probative to show knowledge and intent with respect to the § 846 conspiracy and § 841 substantive charges in the Superseding Indictment. The offenses are similar and the temporal proximity is close, given that the § 846 conspiracy charged in the Superseding Indictment is alleged to have terminated less than a year before the two loads of marijuana referenced by the "other acts" evidence were seized by law enforcement. To be sure, some prejudicial effect is to be expected from Government evidence at trial that Garza was involved in an uncharged controlled substances distribution scheme involving interstate shipments of thousands of pounds of marijuana in the fall of 2007. Again,

---

marijuana dealings were admissible under rule 403 despite their differing nature and remoteness in time"); *United States v. Pollock*, 926 F.2d 1044, 1048 (11th Cir. 1991) (citing with approval appellate decisions from other circuits upholding admission of evidence of closely similar offenses occurring 10 to 13 years earlier). *Lampley* is especially instructive because the Rule 404(b) evidence was deemed admissible even though it concerned small marijuana deals from 15 years earlier, while the defendant was presently being prosecuted for a large cocaine deal.

however, any undue prejudice may be effectively cabined through the use of appropriate limiting instructions, and the incremental probity of such evidence well exceeds its prejudicial effect in a Rule 403 analysis.

### III.    Conclusion.

For all of the foregoing reasons, the Court concludes that the Government's proffered "other acts" evidence identified in its Rule 404(b) Notice (doc. 58) is relevant and admissible under the three-pronged test adopted in this Circuit for assessing the admissibility of such evidence. Accordingly, Garza's Motion in Limine (doc. 62) to exclude this Rule 404(b) evidence is **denied**. Upon introduction of this Rule 404(b) evidence by the Government at trial, the Court will read the jury a variant of Trial Instruction #4 in the Eleventh Circuit Pattern Jury Charges for criminal cases. The Court will also incorporate a variant of Special Instruction #4 from those Pattern Jury Charges into its final jury charge in this matter to mitigate any prejudicial effect of this highly probative evidence.

**DONE** and **ORDERED** this 23rd day of October, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE